

Charles E. Peeler*                                                            Email:cpeeler@fpplaw.com
                                                                              *Registered Patent Attorney

January 19, 2012

BY EMAIL

The Honorable W. Louis Sands
Judge - U.S. District Court
Middle District of Georgia
C. B. King Courthouse
201 West Broad Avenue
Albany, Georgia 31701

**RECEIVED**
JAN 19 2012
JUDGE SANDS' OFFICE

      RE:    *ConAgra Foods v. Georgia Farm Services*
              **U.S. District Court - Middle District of Georgia**
              **Case No.: 1:09-CV-167-WLS**
              **FPP File No.: 1734-02**

Dear Judge Sands,

      This is in opposition to Plaintiff's letter request that the Court enter Plaintiff's proposed judgment. First, Defendant agrees that nominal damages are appropriate "if there has been no actual damage." Indeed, nominal damages are defined as an award "sufficient to carry costs of bringing the action." O.C.G.A. § 13-6-6. Under the facts of this case, however, Plaintiff is not entitled to recover its costs because it failed to accept a $20,000 Rule 68 offer of judgment served by Defendant on September 8, 2010. Contrary to Plaintiff's argument, Defendant is not asking the Court to set aside the jury's verdict. Defendant is simply requesting that the Court invoke the cost shifting mechanism of Rule 68. Otherwise, Plaintiff's failure to accept $20,000 over a year ago, then receiving less than $20,000 at trial is of no consequence, and the language of Rule 68 is rendered meaningless. Accepting the $20,000 offer over a year ago would have saved Defendant, Mr. Giles, the Court, the Court's staff, and the jury significant time, expense, and effort. Plaintiff should not be rewarded for rejecting a meaningful $20,000 offer in September 2010.

      Second, the verdict form and controlling law reject the notion that interest should be awarded on nominal damages. The verdict form (to which Plaintiff did not object) is clearly structured to award interest only on an award of actual damages. The interrogatory regarding nominal damages is in an entirely different section from the interrogatory regarding actual damages and interest. This makes sense. Under O.C.G.A. § 13-6-13 interest is allowable on unliquidated claims only where "an amount ascertained would be the damages at the time of the breach." Here, the amount the jury "ascertained"

Post Office Box 7 (31702)                                                                                   Ph 229.446.4886
517 W. Broad Avenue                                                                                         Fax 229.446.4884
Albany, Georgia 31701                                                                                       www.fpplaw.com

---

was an amount "sufficient to carry costs of bringing the action" (i.e., nominal damages). "Costs of bringing the action" are, by their very nature, not ascertainable at the time of breach, which is exactly why nominal damages are not allowable when actual damages are awarded. The jury was accurately charged on the definition of nominal damages. Specifically, the jury was charged "But, if there has been no actual damage, the Plaintiff can recover nominal damages which will carry the costs." Plaintiff's request that the Court overrule Malta Constr. Co. v. Henningson, Durham & Richardson, Inc., 716 F. Supp. 1466, 1479 (N.D. Ga. 1989) is not persuasive. Indeed, Malta was affirmed without opinion at 927 F.2d 614 (11th Cir. 1991) and a request for rehearing en banc was denied at 932 F.2d 979 (11th Cir. 1991). Subsequently, the case has been cited at least three times (Carolina Cas. Ins. Co. v. R.L. Brown & Assocs., 2006 U.S. Dist. LEXIS 89412 (N.D. Ga. 2006); Abrams & Wofsy v. Renaissance Inv. Corp., 820 F. Supp. 1519 (N.D. Ga. 1993); and Carpet Transp. V. Kenneth Poley Interiors, Inc. 219 Ga. App. 556 (1995)), and a Shepard's search reflects no negative history.

In sum, Plaintiff offers no support for its contention that interest is somehow appropriate on an award for nominal (not actual) damages. Moreover, awarding Plaintiff costs ignores the plain language of Rule 68 and would set undesirable precedent in that it would reward Plaintiff for taking a case to trial that it should have settled over a year ago.

        Respectfully submitted,

        FLYNN PEELER & PHILLIPS LLC

        **s/Charles E. Peeler**
        Charles E. Peeler

cc:    Mr. David J. Forestner