**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

CONAGRA FOODS FOOD INGREDIENTS:
COMPANY, INC.,                                        :
                                                     :
      Plaintiff,                                  :
                                                     :
v.                                                   :        CASE NO.: 1-09-CV-00167 (WLS)
                                                     :
GEORGIA FARM SERVICES,                               :
                                                     :
      Defendant.                                  :
_____:

## ORDER

Presently pending before the Court is Defendant's Motion for Entry of Judgment (Doc. 60). For the reasons stated herein, Defendant's Motion for Entry of Judgment (Doc. 60) is **GRANTED-in-part and DENIED-in-part**.

## DISCUSSION

This case arose as a breach of contract action between the parties regarding Defendant's failure to deliver wheat to Plaintiff as contracted by the parties. (Doc. 1). Following the Court's grant of partial Summary Judgment in favor of Plaintiff (Doc. 33), the sole issue remaining was the amount of damages due Plaintiff for the breach of contract, if any, and whether Plaintiff failed to mitigate its damages. (Doc. 33). On January 10 and 11, 2012, the Court held a trial on these remaining issues. On January 11, 2012, the jury rendered a verdict in favor of Plaintiff in the amount of $16,671.80. (Doc. 56). The jury awarded the $16,671.80 as nominal damages on the verdict form. (Id.) In sum, the jury found that the Plaintiff did not suffer actual damages for Defendant's breach of contact. (Id. at I.A). The jury awarded the Plaintiff $ 0.00 in actual damages. (Id. at I.B). The jury found that Plaintiff failed to mitigate its damages. (Id. at I.C.). However, the jury found that Plaintiff's damages should not be reduced as a result of its failure

to mitigate.  (<u>Id.</u> at I.D).  Finally, the jury awarded Plaintiff nominal damages in amount of $16, 671.18.  (<u>Id.</u> at II).

1. **The Court's Denial of Defendant's Motion for Directed Verdict.**

    At the conclusion of the Plaintiff's case-in-chief, the Court denied Defendant's Oral Motion for Directed Verdict.  (*See* Docket).  Defendant argued, among other things, that Plaintiff had no proof of any damages, that no evidence existed regarding prejudgment interest, and that Plaintiff failed to mitigate damages in accordance with Georgia law.  The Court, having considered the evidence as presented in Plaintiff's case-in-chief, found that Plaintiff presented evidence during trial so that a reasonable juror could reach a decision finding that Plaintiff suffered damages as a result of Defendant's breach of contract and such damages were recoverable by Plaintiff.  The Court's decision, in accordance with Fed. R. Civ. P. 50(a) was based on its finding that a reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiff on the issue of damages.

2. **Defendant's Motion for Entry of Judgment (Doc. 60).**

    The Court now addresses Defendant's Motion for Entry of Judgment (Doc. 60) filed on January 18, 2011.  Prior to the filing of Defendant's Motion, the parties engaged in a dispute regarding the terms and specifics of the jury's verdict.  (Docs. 60, 61, 62, 63, and 64).[1]

    Plaintiff's January 18, 2012 letter to the Court (Doc. 61) asserts that Plaintiff is entitled to its costs, $ 5,192.48 in interest, and the jury's nominal damage award, $ 16,671.80.  Plaintiff reaches the $ 5,192.48 sum by totaling seven percent (7%) interest on the nominal damage award ($ 16,671.80) as calculated from August 1, 2007 (date of non-delivery and breach of contract) until award on January 11, 2012 (4 Years, 164 Days).  (Doc. 61).  In response, Defendant's January 19, 2012 letter (Doc. 62) first admits that Plaintiff may recover its nominal damages.

---

[1] The Court notes that neither party objected to the form of the verdict.  (*See* Docket).

However, Defendant argues that Plaintiff is not entitled to recover its costs because it rejected Defendant's Offer of Judgment served on September 8, 2010 in accordance with Federal Rule of Civil Procedure 68.  (Doc. 62).  Defendant also asserts that Plaintiff is not entitled to interest on the jury's nominal damage award.  (Id.)  According to Defendant, the verdict form completed by the jury was structured to award interest only on actual damages.  (Id.)  Under Georgia law, nominal damages may not be awarded when actual damages are awarded.  *See* O.C.G.A. 13-6-13 ("In every case of breach of contract the injured party has a right to damages, but if there has been no actual damage, the injured party may recover nominal damages sufficient to cover the costs of bringing the action.")  Thus, according to Defendant, the very nature of nominal damages excludes the possibility that interest may be awarded solely on a nominal damage award because Georgia law provides for interest only where "an amount ascertained would be the damages at the time of the breach."  O.C.G.A. § 13-6-13.  Defendant argues that the jury's award of only nominal damages was not ascertainable at the time of breach; therefore, Plaintiff is not entitled to interest on such award.

In its Reply, by letter dated January 19, 2012 (Doc. 64), Plaintiff argues that the jury's award was proper under Georgia law.  (Doc. 64); *see also* Wright v. Wilcox, 262 Ga. App. 659 (2003).  According to Plaintiff, it was the intent of jury as evidenced by verdict form to award interest.  (Doc. 64).  To this end, any objection to the verdict form was not raised by Defendant during trial and thereby waived.  (Id.)  Thus, the jury's check of the box marked "YES" for interest on damages entitles Plaintiff to prejudgment interest on its award of nominal damages. (Id.)  Moreover, Plaintiff argues that it is entitled to costs as the prevailing party pursuant to 28 U.S.C. § 1920.

Taken as a whole, Plaintiff urges the Court to find that the nominal damages award was ascertainable under Georgia law, arising on the date of breach (August 1, 2007) three years prior

to September 8, 2010, and thus eligible for prejudgment interest. (Doc. 64) Plaintiff also asks the Court to find that the Plaintiff is not barred from recovery of its costs by distinguishing the application of the Rule 68 offer of judgment in the instant case, where Rule 68 applies only to costs incurred after offer was made. (Id.) Here, the Offer of Judgment was made over three years from the date of the breach of contract by Defendant. (Id.) Under Plaintiff's analysis, damages arose at the time of breach ($ 16,671.80 in nominal damages) and legal interest is appropriate ($ 5, 192.48). (Id.) Thus, the total sum due Plaintiff, $ 21,864.28, exceeds $ 20,000 (the amount of Defendant's Rule 68 Offer of Judgment) and Plaintiff is entitled to an award of costs.

On January 18, 2012, Defendant filed a Motion for Entry of Judgment (Doc. 60). First, Defendant alleges that Plaintiff suffered no actual damages upon which to calculate interest therefore prejudgment interest may not be recovered. Second, Defendant argues that Plaintiff failed to object or seek to clarify the verdict form and may not now revise the jury's award of nominal damages alone. Finally, Defendant argues that applicable authority does not support a finding that Plaintiff is entitled to interest or costs in the instant case.

### A. **Plaintiff is Not Entitled to Prejudgment Interest Under the Terms of the Verdict Form and Georgia Law.**

The jury awarded $ 16, 671.80 in nominal damages to Plaintiff. (Doc. 56). As Plaintiff reminds the Court, the jury also indicated that interest be awarded to Plaintiff. (Doc. 64) After the jury returned its verdict, neither party requested clarification or modification of the jury's verdict after it was published in open court. (*See* Docket). The primary question before the Court is whether Plaintiff is entitled to interest on the nominal damages awarded by the jury?

Here, Plaintiff may not recover interest on the nominal damage amount awarded by the jury. The Court must first consider the nature of this case. The sole issue before the jury was damages. The liability of Defendant for breaching the contract with Plaintiff was established

prior to trial, and the jury was instructed that it must "accept the breaches as proved." (Doc. 51 at 5). In accordance with Georgia law, the jury was then instructed that damages recoverable for a breach of contract are "such as arise naturally and according to the usual course of things from the breach…" (Id. at 5-6). The Court's charge to the jury distinguished between actual and nominal damages stating that only "if there has been no actual damage, [can] the Plaintiff [] recover nominal damages which will carry the costs." (Doc. 51 at 6). Following deliberation, the jury chose to deny Plaintiff actual damages and award only nominal damages. (Doc. 56). The jury form indicates that the jurors found that Plaintiff suffered no actual damages (at § I.A.), that Plaintiff's amount of actual damages was $ 0.00 (at § I.B.) and that Plaintiff's damages should be increased by the addition of legal interest (at § I.C). (Id.)

The jury then chose to award nominal damages at § II. (Doc. 56) There, the verdict form states "[i]f you find that Plaintiff has not proven upon the preponderance of the evidence that Plaintiff suffered actual damage as the result of Defendant's breaches, what amount of nominal damages, if any, do you find in favor of Plaintiff against Defendant?" The jury then wrote in the amount of "$ 16, 671.80." The Court finds that the Verdict Form as completed by the jury supports a finding that Plaintiff is not entitled to prejudgment interest on its nominal damages.

In addition to the terms of the verdict form, the Court finds that Georgia law does not support an award of prejudgment interest on the nominal damages. Nominal damages are defined under Georgia law as those arising where "there has been no actual damage." O.C.G.A. § 13-6-6. Moreover, Georgia law permits the recovery of prejudgment interest "[i]n all cases where an amount ascertained would be the damages at the time of the breach, [and the damages] may be increased by the addition of legal interest from that time until the recovery." O.C.G.A. § 13-6-13. In the Court's opinion, the nature of nominal damages- arising where there has been no

actual damage- is contrary to the ascertainable nature of damages where prejudgment interest should be allowed.

Under Georgia law, there are few cases where this Court may find direct authority addressing this particular issue.  However, the Georgia Court of Appeals has addressed issues pertaining to nominal damages.  *See* Wright v. Wilcox, 262 Ga. App. 659, 586 S.E.2d 364 (2003).  The Court has previously stated that "[n]ominal damages are generally defined as a trivial sum awarded where a breach of duty or an infraction of the plaintiff's right is shown, but no serious loss is proved."  Id. at 662, 586 S.E.2d at 366 *quoting* First Fed. Sav. &c. Assn v. White, 168 Ga. App. 516-517(3), 309 S.E.2d 858 (1983).  To this end, "in Georgia, the term 'nominal damages' is purely relative, and carries with it no suggestion of certainty as to amount. Instead of being restricted to a very small amount, the sum awarded as nominal damages may, according to circumstances, vary almost indefinitely."  Id.  The Court has further stated that "the hallmark of nominal damages is that they are not susceptible of proof."  MTW Inv. Co. v. Alcovy Properties, Inc., 273 Ga. App. 830, 832, 616 S.E.2d 166, 169 (2005) (refusing to set aside verdict based on Defendant's assertion that jury's award of nominal damages was excessive).

The Court's descriptions of nominal damages lay in direct conflict with the nature of predictability of actual damages contemplated by the Georgia statute setting forth the terms required for an award of prejudgment interest.  O.C.G.A. § 13-6-13.  Unlike this case, in most cases addressed by Georgia Courts, the issue before the Court is whether the amount of nominal damages is excessive and/or whether the award is supported by sufficient evidence.  Id. (affirming award of nominal damages against Plaintiff where jury did not specify as to whether damages were general, nominal or both finding amount was not excessive and sufficient evidence existed to support a $ 22,000 nominal damage award).  Georgia law does not require

that nominal damages be a small amount.  <u>Wright</u> at 662, 586 S.E.2d at 367.  Moreover, absent evidence of prejudice or bias in any incident at trial or a mistake on the part of the jury, a verdict for nominal damages … cannot be set aside simply because the amount is large"  (<u>Id.</u> *quoting* <u>Atlantic Coast Line R. Co. v. Stephens</u>, 14 Ga. App. 173, 174, 80 S.E. 516 (1914) (in construing verdicts "every reasonable presumption sustaining their validity shall be indulged.")).

Here, neither Plaintiff nor Defendant challenges the amount or sufficiency of the evidence in support of the instant nominal damage award.  Instead, Plaintiff asserts that the nominal damages, as awarded by the jury, were ascertainable at the time of the breach and should therefore be increased by the addition of legal interest.  (Doc. 64).  However, the Court disagrees.  When considering this case in the context of applicable authority, Plaintiff's nominal damage award cannot be classified as ascertainable at the time of breach.  The primary Georgia authority relied upon by both parties is <u>Norair Engineering Corporation v. St. Joseph's Hospital, Inc.</u> , 147 Ga. App. 595, 249 S.E. 2d 642 (1978).  The <u>Norair</u> court considered, among other things, whether or not Defendant was entitled to the interest awarded by an auditor as fact finder on its unliquidated claim arising from the construction of a new hospital in Savannah.  There, plaintiff argued that the amount was liquidated from the date of the auditor's report; the Georgia Court of Appeals, disagreeing with plaintiff, held that the amount became liquidated from the date the Superior Court rendered the decree.  <u>Id.</u> at 605, 249 S.E.2d at 649.   "Thus, a recovery for breach of contract may be awarded interest for two periods: (1) the fact finder may within its discretion in a proper case award interest from the date of the breach on the unliquidated claim; and (2) a claimant is entitled to interest from the date a claim becomes liquidated as a matter of law."  <u>Id.</u>

The Court rejects Plaintiff's arguments regarding the nature of nominal damages as stated in its January 18, 2012 letter (Doc. 62).  There, Plaintiff relies upon <u>Gingold v. Allen</u>, 272

Ga.App. 653, 613 S.E. 2d 173 (2005) for the premise that "nominal damages in this case [Gingold] were ascertained by the jury at the time of the breach, no different from actual damages. Despite Plaintiff's assertions, the Court finds the Gingold case easily distinguishable from the instant case. In Gingold, the plaintiff sued for legal malpractice, claiming his attorney's negligent advice resulted in the plaintiff's arrest. Id. at 655, 613 S.E.2d at 175. The plaintiff argued that the claim had not arisen until he was arrested. Id. The Court held that a "legal malpractice action accrues and the applicable statute of limitation commences to run from the date that the alleged wrongful act breached the attorney-client relationship." Id. In contrast to the present case, the Court was not considering whether nominal damages and actual damages were similarly classified for the purposes of prejudgment interest. Instead, the Court was considering nominal damages and their role as a "triggering device" for the statute of limitations. Id. Taken in the context of the facts at bar in Gingold, the Court's holding that "nominal damages arise upon the commission or the wrongful act" cannot be applied as Plaintiff asserts in support of its argument that nominal damages and actual damages are similar for the purposes of the award of prejudgment interest.

Here, the Court agrees with Defendant that the District Court for the Northern District of Georgia's holding in Malta Construction Company v. Henningson, Durham, & Richardson, Inc., 716 F.Supp. 1466 (N.D. Ga. 1989), although persuasive authority, is more useful to the Court's analysis. Malta involved a contractual dispute over delays in construction of post tension bridges on a major City highway between an engineering firm and a subcontractor. Id. The district court rejected plaintiff's claim that it was entitled to recover prejudgment interest on its contract claim against defendant. The Court found that the "amount of damages sought [was] not fixed or certain." Id. at 1469. The Court, citing the Georgia Court of Appeals, stated that, even though O.C.G.A. § 13-6-13 allowed prejudgment interest to be awarded by a jury on unliquidated

claims, in order "for interest to be permitted on an unliquidated claim, there must be a monetary loss which "immediately and necessarily" flows to the injured party." Id. *citing* Norair, 147 Ga.App. 595, 249 S.E.2d 642 (1978).  Like the nominal damages at issue in this case, the nature of the damages arising from the Malta plaintiff's claim could "only be known after the jury evaluates the several alleged breaches and the effect of the numerous delays." Id.  Thus, the Malta Court found that "[t]his [was] not a case in which the plaintiff's loss will be directly ascertainable as of a given breach." The Court finds that the case at bar is similar to the Malta case, in that the damage award-as determined by the jury- is not directly ascertainable from the breach.  Therefore, prejudgment interest shall not be awarded to Plaintiff on its nominal damage award.

### B. Plaintiff May Not Recover Costs Incurred After September 8, 2010 as a Consequence of its Rejection of Defendant's Rule 68 Offer of $ 20,000.

Federal Rule of Civil Procedure 68, provides in relevant part,

(a) Making an Offer; Judgment on an Accepted Offer. At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

*6* (b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.

....

(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed.R.Civ. P. 68.

Thus, as stated by the Supreme Court in Marek v. Chesny, 473 U.S. 1, 4, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), "Rule 68 provides that if a timely pretrial offer of settlement is not accepted

and the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." (citations omitted). The plain purpose of Rule 68 is to encourage settlement and avoid litigation. <u>Id.</u>  The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. <u>Id.</u>

It is well-established that a district court has "no room" for discretion where a proper Rule 68 offer is made and the other requirements of the rule are met. <u>Jordan v. Time, Inc.</u>, 111 F.3d 102 (11th Cir. 1997).   Here, Defendant presented a Rule 68 Offer of Judgment to Plaintiff on September 8, 2010.  (Doc. 54).  Plaintiff did not accept the offer.  (*See* Docket).  Thus, the unaccepted offer was considered withdrawn. Fed. R. Civ. P. 68 (b).  Unlike many cases where a relevant substantive statute or other authority defines the terms of an award for costs, the instant case is not subject to any overriding state or federal authority. *See e.g.*, <u>Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.</u>, 298 F.3d 1238 (11th Cir. 2002).

Defendant offered Plaintiff $ 20,000.00 for all claims to include attorneys' fees, costs, and interest on September 8, 2010.  (Doc. 54).  The validity of this document and the terms of its offer to Plaintiff are not in dispute.  (*See* Doc. 64).  As discussed above at § 2.A, Plaintiff is not entitled to prejudgment interest.  Thus, Plaintiff's award for entry of judgment is $ 16, 671.80 in nominal damages.  Plaintiff's judgment is not more favorable than the unaccepted offer and, pursuant to Rule 68, Plaintiff must pay the costs incurred by Defendant after September 8, 2010. Fed. R. Civ. P. 68 (d).

## <u>CONCLUSION</u>

Accordingly, for the foregoing reasons, Defendant's Motion for Entry of Judgment (Doc. 60) is **GRANTED-in-part and DENIED-in-part**.[2]

**SO ORDERED**, this  24th  day of February, 2012.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[2] The Court would be remiss if it did not note that the NGFA (National Grain and Feed Association) Feed Trade Rules which at least one of the parties contends or admits control the dispute between the parties includes within those Rules that "… the sole remedy for resolution of any and all disagreements or disputes arising under or related to the transaction should be through arbitration proceedings before the National Grain and Feed Association pursuant to NGFA ® Arbitration Rules; provided, however, that at least one party to the transaction must be a NGFA member entitled to arbitrate dispute under the NGFA Arbitration Rules." *See* Rule 27, Arbitration NGFA Feed Trade Rules.  Although, Plaintiff contended that the aforesaid Rules were by reference a part of the parties' contracts, neither party asserted that arbitration was required or should be ordered.  Therefore, the case proceeded for resolution by jury trial.